# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Priscilla Michelle Guyton, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> Nancy A. Berryhill, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No.: 0:18-cv-02023-JMC <br><br> **ORDER** |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report"), addressing Plaintiff Priscilla Michelle Guyton's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 17 at 1.) The Report recommends reversing the decision of the Commissioner of Social Security Administration ("Commissioner") and remanding this matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the Commissioner's decision, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 17 at 1–18.) As brief background, in February 2011, Plaintiff filed an application for DIB and SSI that was denied initially and upon reconsideration. (*Id.* at 1–2; ECF No. 9-2 at 13.) The Administrative Law Judge ("ALJ") held a hearing on Plaintiff's denied DIB and SSI application on January 6, 2014, and issued a decision on June 10, 2014. (ECF No. 9-2 at 10.) The ALJ found that Plaintiff was not disabled under the Social Security Act ("Act"). (*Id.* at 14.) Plaintiff requested review by the Appeals Council ("Council"), which

was denied. (*Id.* at 2.) Plaintiff then initiated an action in the United States District Court for the District of South Carolina for judicial review of the Commissioner's decision. (ECF No. 17 at 3.) In response, on July 14, 2016, the Commissioner filed an Uncontested Motion to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 9-13 at 43–44.) On July 15, 2016, the district court granted the Commissioner's Motion and remanded the matter for further evaluation by the Commissioner. (*Id.* at 37.) On January 31, 2017, the ALJ held another hearing. (ECF No. 9-12 at 16.) On March 15, 2017, the ALJ issued an unfavorable decision, again finding that Plaintiff was not disabled within the meaning of the Act. (*Id.* at 17.) The ALJ determined that Plaintiff

> ha[d] the following severe impairments: systemic lupus erythematosus; rule out discoid lupus erythematosus; arthralgia; lumbar spine disorder with radiculopathy; borderline intellectual disorder; mood disorder; ADHD; adjustment disorder with depression; reading disorder; and written expression disorder (20 CFR [§§] 404.1520(c) and 416.920(c)).

(*Id.* at 19.) The ALJ also found that Plaintiff did not have "an impairment or combination of impairments that me[t] or medically equal[ed] the severity of one of the listed impairments in . . . 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR [§§] 404.1520(d), 404.1525, 404.1526, 416.920(d), 416. 925 and 416.926)." (*Id.*) Additionally, the ALJ determined that Plaintiff possessed the residual functional capacity ("RFC")

> to perform sedentary work . . . with the following additional limitations: she can maintain concentration, persistence, or pace to perform simple, routine, repetitive tasks for at least two hours at a time without special supervision; with no reading or writing above second grade level; no required ongoing interaction with the general public; lifting or carrying of 10 pounds occasionally and less than 10 pounds frequently; standing and/or walking in combination up to a total of 2 hours in an 8 hour workday; occasional stooping, balancing, crouching, kneeling, or climbing stairs or ramps; no crawling or climbing ladders, ropes, or scaffolds; no exposure to hazards such as unprotected heights or dangerous machinery; and no concentrated exposure to temperature extremes or direct sunlight.

(*Id.* at 23.) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that

[Plaintiff] c[ould] perform." (*Id.* at 32.) On this basis, the ALJ denied DBI and SSI to Plaintiff because she was not disabled for purposes of the Act. (*Id.* at 33–34.)

Plaintiff requested review of the ALJ's decision by the Council, which the Council denied on June 2, 2018, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 2.) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). On July 24, 2018, Plaintiff filed a Complaint seeking judicial review of the final decision. (ECF No. 1). First, Plaintiff asserts the ALJ erred by improperly relying on the vocational expert's ("VE") testimony. (ECF No. 11 at 27.) More specifically, Plaintiff argues that (1) "if the Commissioner has not produced sound testimony of alternate jobs through a [VE], the case must be remanded"; (2) "if the DOT[1] indicated that it is impossible for someone with [Plaintiff]'s limitations to perform every job identified by the [VE], the case must be remanded unless the ALJ produces an explanation for the discrepancy between the DOT and the vocational testimony"; and (3) "according to the DOT, [Plaintiff] cannot perform the jobs identified by the [VE]. . . . [and] since the [VE] did not explain this discrepancy, the case must be remanded." (*Id.* at 27–31.) Second, Plaintiff argues "[t]he ALJ erred in determining that [Plaintiff's] impairments did not meet or equal a Listing of Impairments in Subpart P of Regulation[] No.4." (*Id.* at 31.) Plaintiff requests that the court reverse and remand this case to the Commissioner for further administrative proceedings. (*Id.* at 35.)

On February 13, 2019, the Commissioner filed a Memorandum in Support of the Commissioner's Decision and in Response to Plaintiff's Brief. (ECF No. 12.) On May 30, 2019,

---

[1] "DOT" stands for "Dictionary of Occupational Titles."

3

the Magistrate Judge entered her Report. (ECF No. 17.) As to Plaintiff's first assignment of error, the Magistrate Judge found that

> the ALJ erred in relying on the VE's identification of the jobs to meet the Commissioner's burden at step five without having resolved the conflict between simple, routine tasks, Plaintiff's additional mental limitations, and the DOT's indication that the identified jobs had a GED[2] reasoning level of two. Accordingly, this [c]ourt finds it prudent to remand this case back to the Commissioner to obtain testimony from the VE with respect to any conflicts with Plaintiff's limitation to simple, routine work and the identified jobs.

(*Id.* at 27.) As a result of this finding, the Magistrate Judge declined to address Plaintiff's second assignment of error, instead directing the ALJ to consider "[a]ll of Plaintiff's remaining allegations of error . . . on remand." (*Id.*)

On June 13, 2019, the Commissioner notified the court that "after reviewing the record, [the Commissioner] concluded that [her] decision to deny benefits should be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further administrative action," and therefore, the Commissioner would not be filing objections to the Magistrate Judge's Report. (ECF No. 20 at 1.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the

---

[2] "GED" stands for "general educational development.

4

Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

On May 30, 2019, as part of the Report, the magistrate Judge notified the parties of their right to file objections by June 13, 2019. (ECF No. 17.) On June 13, 2019, the Commissioner notified the court that she would not object to the Magistrate Judge's Report, as the Commissioner agreed remand was appropriate. (ECF No. 20 at 1.) Plaintiff has not filed any objections to the Report. Since no specific objections were filed by either party and the Report does not contain any clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein. Therefore, the court **REVERSES** the decision of the Commissioner of Social Security Administration and **REMANDS** this case for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

June 19, 2019
Columbia, South Carolina